

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINT ROSE, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NEXUS CONTROLS, LLC, a corporation; BAKER HUGHES COMPANY, a corporation; BAKER HUGHES HOLDINGS, LLC, a corporation; GE ENERGY CONTROL SOLUTIONS, LLC, a corporation, and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:23-cv-02159-BEN-SBC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[ECF No. 6] |

On October 10, 2023, Plaintiff Clint Rose ("Plaintiff") filed a lawsuit in the Superior Court for the County of San Diego against Defendants Nexus Controls, LLC; Baker Hughes Company; Baker Hughes Holding, LLC; GE Energy Control Solutions, LLC; and one hundred "Doe" defendants (collectively "Defendants") alleging ten state employment law violations. ECF No. 1. On November 22, 2023, Defendants removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id.*

Before the Court is Plaintiff's Motion to Remand. ECF No. 6. Defendants filed an opposition to this motion and Plaintiff replied. ECF No. 11, 14. The briefing was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 15. After considering the applicable law and the parties' arguments, the Court **DENIES** Plaintiff's Motion to Remand.

## I. LEGAL STANDARDS

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(1); *City of Chi v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chi*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand if there are doubts as to the right of removal. *Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).

Relevant here, where a "plaintiff's state court complaint does not specify a particular amount of damages, the removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the threshold at the time of removal." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (cleaned up)). If the amount in controversy is challenged, the parties "may submit evidence outside of the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments*, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The amount in controversy includes "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

## II. DISCUSSION

### A. Background Facts[1]

Plaintiff was offered a Sales Manager position by Defendant Nexus Controls, LLC ("Nexus") in or around November 2020, pending a drug test. ECF No. 1, Ex. A, Complaint ("Compl.") ¶ 12. Plaintiff disclosed to Defendant Nexus that he suffered from a diagnosed mental disability and was prescribed cannabis to treat it following his service in the U.S. Navy. *Id.* at ¶ 13. Defendant Nexus reassured Plaintiff that if he ever tested positive due to his prescription, that it would not necessarily lead to termination given the circumstances. *Id.* Plaintiff began employment with Defendant Nexus on December 17, 2020. *Id.* at ¶ 14. During his employment, Plaintiff was an exemplary employee, bringing in an estimated thirteen percent of all new business which generated an estimated $1 million in revenue. *Id.* at ¶ 15. In or around the fall of 2021, Plaintiff was issued a random drug test; Plaintiff reminded his supervisor of his mental disability and the prescribed cannabis to treat it. *Id.* at ¶ 17(c). Plaintiff was reassured by supervisors that his prescribed cannabis would not be an issue. *Id.* at ¶ 17(d). After receiving the drug test results, Defendant Nexus terminated Plaintiff on December 7, 2021. *Id.* at ¶ 17(e-f). Plaintiff exhausted his administrative remedies through the California Civil Rights Department and received a right-to-sue letter on November 30, 2022. *Id.* at ¶ 11.

### B. Plaintiff's Motion to Remand

Plaintiff moves to remand the case back to Superior Court, where it was originally filed, because of a lack of subject matter jurisdiction. ECF 6, Motion to Remand, ("Mot.") at 3. Plaintiff concedes that there is diversity in citizenship, but nonetheless argues that Defendants have not proven that the amount in controversy exceeds $75,000 in order to satisfy 28 U.S.C. § 1332(a). *Id.*

---

[1] For the purposes of Plaintiff Rose's Motion to Remand, the Court assumes facts pled in the Complaint as true. *Mazarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not making factual findings.

### C. Defendants' Opposition to Motion to Remand

Defendants argue that Plaintiff did not challenge any of the amount in controversy calculations that Defendants provided in the Notice of Removal. ECF 11, Defendants' Opposition to Plaintiff's Motion to Remand to State Court ("Oppo.") at 9. Defendants further argue that Plaintiff only provided a conclusory statement saying that Defendants had not proven the amount in controversy in the Motion. *Id.* at 6.

Defendants' argument in favor of having the amount in controversy met is based on Plaintiff's salary while employed at Defendant Nexus – $152,100. *Id.* at 9-10. Defendants provided a written declaration from Fernando Contreras, Corporate Secretary for Defendant Baker Hughes Company ("BHC"), which is the former ultimate parent company of Defendant Nexus, attesting to this figure. ECF No. 1-3 ("Contreras Decl."). Defendants further argue that a possible two-year back pay judgment would put the amount in controversy at $304,200. Oppo. at 9-10. Defendants also argue that if Plaintiff were to prevail on his other claims for compensatory and punitive damages as well as attorney fees, the amount in controversy would be well over the $75,000 threshold for diversity jurisdiction. *Id.*

### D. Analysis

In the present case the only reference to the amount in controversy in the complaint states that damages will "exceed $25,000." ECF 1 at 35. Defendants argue that if Plaintiff prevails on his claims, the amount in controversy will exceed $75,000. *See generally* ECF 1, Notice of Removal. When a plaintiff disputes a defendant's allegation of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Here, only Defendants have provided any evidence to support their estimated amount in controversy calculations. Defendants base their calculations on the fact that Plaintiff seeks damages related to his termination of employment, for which he received a salary of $152,000 per year. *See* Contreras Decl. at ¶ 10. Plaintiff did not provide any evidence

4

or alternative calculations. Accordingly, Plaintiff does not effectively challenge Defendants' evidence.

In sum, the Court finds the Defendants have proven by preponderance of the evidence that the amount in controversy exceeds $75,000, thus making removal proper. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: June 5, 2024

_____
HON. ROGER T. BENITEZ
United States District Judge